STATE OF MAINE                                    SUPERIOR COURT

AROOSTOOK, ss                                     DOC. NO. HOUSC-CV 2015-016

BILLIE JO DAVIS                        )
           PLAINTIFF                 )
vs.                                    )          ORDER ON
                                       )          DEFENDANT'S
JENNIE OUELLETTE                       )          MOTION TO ALLOW
           DEFENDANT                )          EXPERT TESTIMONY
                                       )          VIA VIDEO-CONFERENCE
                                       )
                                       )

On December 29, 2017, Defendant filed a Motion to Allow Expert Trial Testimony via Video-Conferencing regarding Davis W. Clark, M.D. On January 11, 2018 Plaintiff filed an objection to Defendant's motion. Telephonic conference was held on the motion on January 11, 2018 at which counsel for both Plaintiff and Defendant participated.

As an initial matter, Defendant's motion is being viewed as a *motion in limine* regarding the presentation of evidence of trial. See Paragraph 9 of Standard Scheduling Order issued July 20, 2015. Accordingly, Defendant's motion is not subject to M.R.Civ. P. 7.

M.R.Civ. P. 43(a) does permit presentation of testimony by contemporaneous transmission with appropriate safeguards upon good cause shown. As the Court expressed during the telephonic conference, the practice of presenting testimony by video is evolving as the technical capabilities improve.

In this case, Dr. Clark resides in New Hampshire and is a practicing orthopedic surgeon. Defendant references the time and cost for Dr. Clark to travel to Northern Maine to attend trial, and the burden of being away from his practice. The Court finds good cause has been shown and Defendant is allowed to present Dr. Clark's testimony via video conferencing, subject to the following conditions. Defendant shall be responsible for coordinating all necessary and proper arrangements for the video conference, and the audio and video transmission shall be of sufficient quality for the Court and jury to fully view the witness and hear his testimony. And the testimony shall otherwise be presented subject to the Rules of Civil Procedure and Rules of Evidence. The Court reserves the right to prohibit the testimony via video if the aforesaid conditions are not satisfied at time of trial.

In her objection, Plaintiff suggests that Defendant's Expert Witness Designation does not comply with M.R.Civ.P. 26(b)(4), but she has not provided any facts or information to support that allegation. Regardless, any testimony of Dr. Clark that Defendant intends to offer at trial would

always be limited in scope to matters properly designated, and this order neither expands nor limits that scope.

For the foregoing reasons and subject to the conditions stated, Defendant's motion is granted.

January 11, 2018

Justice, Superior Court

STATE OF MAINE                                    SUPERIOR COURT

AROOSTOOK, ss                                     DOC. NO. HOUSC-CV 2015-016


BILLIE JO DAVIS                          )
          PLAINTIFF                      )
vs.                                      )        ORDER ON
                                         )        DEFENDANT'S
JENNIE OUELLETTE                         )        MOTION IN LIMINES
          DEFENDANT                      )


Defendant has filed two Motions in Limine regarding the pending jury trial scheduled to commence February 21, 2018. Telephonic hearing was held on the motions on December 15, 2017 at which counsel for both Plaintiff and Defendant participated.

By the first motion filed October 11, 2016, Defendant seeks to exclude evidence and opinions that the Plaintiff's condition of fibromyalgia was caused or exacerbated by the accident. Plaintiff initially objected to the motion. But Plaintiff has since indicated she has no doctors or experts to testify to that condition. Accordingly, Defendant's Motion in Limine filed October 11, 2016 is granted and Plaintiff will not be allowed to offer any evidence that her fibromyalgia condition was caused or exacerbated by the accident. Similarly, with no doctors or experts to address the issue, Plaintiff is prohibited from introducing at trial any medical evidence, treatment records or bills related to fibromyalgia. Plaintiff may testify at trial to her condition generally, both pre-accident and post-accident, as it relates to her condition, but may not offer any evidence that the condition was caused or exacerbated by the accident.

By the second motion filed November 14, 2017 Defendant seeks to exclude any expert testimony offered by the Plaintiff due to Plaintiff's failure to file complete expert witness designations in compliance with Rule 26(b). At an early point in the litigation, Plaintiff did submit a designation that identified potential expert witnesses including doctors and a certified public accountant. But those designations did not adequately identify the facts to which the experts would testify and were otherwise non-compliant with Rule 26(b). Subsequently, Plaintiff has indicated she does not intend to have any doctors testify. As for the certified public accountant, there remains no sufficient designation. Accordingly, Defendant's Motion in Limine filed November 14, 2017 is also granted and Plaintiff is prohibited by offering or presenting at trial any expert testimony, including doctors or accountants.

Remaining at issue is what medical records and bills Plaintiff may introduce at trial. In short, Plaintiff may offer records and bills that are admissible pursuant to and in accordance with 16 M.R.S.A. §357 and Rule 803(6) of the Maine Rules of Evidence, subject to relevancy and reasonableness of the charges. Plaintiff's counsel is encouraged to submit to the Defendant's counsel copies of medical and treatment records and bills which Plaintiff intends to offer at trial. It is anticipated Defendant's counsel will review those records and bills and respond to Plaintiff's

counsel identifying items which are objectionable, based on relevancy, and reasonableness and necessity of the treatment and charges. Counsel are advised to complete that exchange two (2) weeks before trial so at commencement of trial counsel may articulate to the court the records and bills in dispute and in need of ruling by the court.

Dated: December 15, 2017

_____
Justice, Superior Court